NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
California Bar No. 190414
Assistant United States Attorney
Asset Forfeiture Section
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-2727
   Facsimile: (213) 894-0142
   E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. 2:19-cv-05976 |
| Plaintiff, | ) <u>COMPLAINT FOR FORFEITURE</u> |
| v. | ) 21 U.S.C. § 881(a)(6) and 18 |
| $820,528.23 SEIZED FROM WELLS FARGO ACCOUNT NUMBER XXXXXX-0858, $244,354.93 SEIZED FROM WELLS FARGO BROKERAGE ACCOUNT NUMBER XXXX-3458, $57,344.00 SEIZED FROM BANK OF AMERICA SAFE DEPOSIT BOX 20456, $191,000.00 SEIZED FROM BANK OF HOPE SAFE DEPOSIT BOX 204, AND $1,259,076.00 IN U.S. CURRENCY, | ) U.S.C. §§ 981(a)(1)(A) and 984<br>) [D.E.A. and I.R.S.] |
| Defendants. | |

1

For its claims against the defendants $820,528.23 Seized From Wells Fargo Account Number XXXXXX-0858, $244,354.93 Seized From Wells Fargo Brokerage Account Number XXXX-3458, $57,344.00 Seized From Bank of America Safe Deposit Box 20456, $191,000.00 Seized From Bank of Hope Safe Deposit Box 204, and $1,259,076.00 in U.S. Currency (collectively, the "defendant funds"), plaintiff United States of America alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil forfeiture action brought pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 984 and 21 U.S.C. § 881(a)(6).

2. This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

## PERSONS AND ENTITIES

4. The plaintiff is the United States of America.

5. The defendants are (i) $820,528.23 Seized From Wells Fargo Account Number XXXXXX-0858 ("Wells 0858"), which account is held in the name of Roxana Rabadi POD Natasha Rabadi; (ii) $244,354.93 Seized From Wells Fargo Brokerage Account Number XXXX-3458 ("Wells 3458"), which account is held in the name of Roxana Rabadi POD Natasha Rabadi; (iii) $57,344.00 Seized From Bank of America Safe Deposit Box 20456, which box is held in the name of Roxana Rabadi; (iv) $191,000.00 Seized From Bank of Hope Safe Deposit Box 204, which box is held in the name of Fares Rabadi; (v) $1,235,670.00 in U.S. Currency seized from the Northridge, California, residence of Illham Rabadi, Fares

Rabadi, and Roxana Rabadi; and (vi) $23,406.00 in U.S. Currency seized from the office of R & R. Medical Group.  The defendants listed in (i)-(ii) above were seized on March 1, 2019, during the execution of a federal seizure warrant at Wells Fargo Bank located at 333 S. Spring Street, Los Angeles, California.  The defendant listed in (iii) above was seized on February 22, 2019, during the execution of a federal seizure warrant at Bank of America located at 19789 Rinaldi Street, Northridge, California.  The defendant listed in (iv) above was seized on February 21, 2019, during the execution of a federal seizure warrant at Bank of Hope located at 8401 Reseda Boulevard, Northridge, California.  The defendant listed in (v) above was seized on February 21, 2019, during the execution of a federal search warrant at the Northridge, California, residence of Illham Rabadi, Fares Rabadi, and Roxana Rabadi.[1]  The defendant listed in (vi) above was seized on February 21, 2019, during the execution of a federal search warrant at R & R Medical Group ("R & R") located at 18350 Roscoe Boulevard, Suite 514, Northridge, California.

     6.    The defendant funds are currently in the custody of the Internal Revenue Service and United States Marshals Service in this District, where they shall remain subject to this Court's jurisdiction during the pendency of this action.

     7.    The interests of Ilham Rabadi, Fares Rabadi, and Roxana Rabadi may be adversely affected by these proceedings.

---

[1] Pursuant to Local Rule 5.2-1 only the city and state of residences are set forth in this Complaint.

EVIDENCE SUPPORTING FORFEITURE

*Background of Investigation*

8. A joint Drug Enforcement Administration/Internal Revenue Service investigation revealed that Dr. Fares Rabadi ("F. Rabadi") profited from issuing illicit drug prescriptions for large-scale quantities of highly addictive and dangerous narcotics and other controlled drugs, often in dangerous cocktails that are sought-after on the black market. F. Rabadi's prescribing patterns were not consistent with legitimate practice. In addition, the investigation showed that F. Rabadi received more than $573,550 in cash proceeds that were deposited into bank accounts that he controlled, which is a common *modus operandi* of such illicit prescribing.

9. According to the California Controlled Substance Utilization Review and Evaluation System ("CURES")[2], from November 2015 through November 2018, F. Rabadi issued approximately 8,997 prescriptions for Schedule II through IV controlled substances. The most common controlled substances prescribed by F. Rabadi were the Schedule II narcotic hydrocodone and the Schedule IV benzodiazepine alprazolam. The typical prescriptions written by F. Rabadi during this time period were combinations of an opioid, such as hydrocodone, with

---

[2] CURES is a database which contains almost one hundred million records and includes information about the drug dispensed, drug quantity and strength, patient name, address, prescriber name, and authorization number, including DEA number or prescription number. California doctors and pharmacies are required to report to the California Department of Justice, within seven days, every schedule II, III and IV drug prescription that is written.

a benzodiazepine, such as alprazolam.  The combination of these drugs, particularly recurring combinations, is an indicator of illicit prescribing.  At times, these combinations were also prescribed with the Schedule IV muscle relaxant carisoprodol (Soma), a cocktail that is particularly dangerous and an indicator of illicit diversion.  The CURES data further showed that F. Rabadi's prescriptions for those drugs were frequently at maximum strength (*e.g.*, 10-mg hydrocodone, 2-mg alprazolam, and 350-mg carisoprodol).  This pattern indicates a lack of individualized care and prescribing for profit to supply addicts and drug traffickers.

10.  The CURES data also revealed a large volume of prescriptions for pain and psychiatric medications, even though F. Rabadi's specialty was internal medicine (not pain management or psychiatry).  This is an additional indicator of illicit prescribing, particularly given the frequency of maximum strength prescribing (*e.g.*, 2-mg alprazolam is not commonly prescribed even by psychiatrists in typical outpatient care).

### *Financial Investigation of F. Rabadi*

11.  Between January 2014 and December 2018, more than 240 cash deposits totaling $573,550.00 were made into accounts held in the name of F. Rabadi at JPMorgan Chase Bank, Bank of Hope, Bank of the West, Citibank, and Wells Fargo.  The volume of cash deposits indicate F. Rabadi profited from the illicit sale of controlled drug prescriptions as the running of a large-scale cash business is indicative of drug diversion by medical professionals.  Additionally, a comparison of bank records and CURES shows that 239 patients were prescribed controlled

1  substances in 2018, with check payments documented for only 89
2  of those patients.  No remaining source of payment is indicated
3  for the remaining 150 patients.

### *Execution of Federal Warrants*

5      12.  On February 21, 2019, law enforcement officers
6  executed a federal search warrant at R & R, F. Rabadi's medical
7  clinic, and seized $23,406.00 in U.S. currency (*i.e.*, a portion
8  of the defendant funds) from within three drawers in a desk
9  located in office room E.  Also on February 21, 2019, law
10 enforcement officers executed a federal search warrant at F.
11 Rabadi's Northridge, California, residence, and seized $629.00
12 in U.S. currency from a closet located in the second level
13 hallway, $15,041.00 in U.S. currency from a closet located in
14 the master bedroom, and $1,220,000.00 in U.S. currency from a
15 safe hidden underneath a blanket located in the lower level
16 bedroom belonging to F. Rabadi's daughter, Roxana Rabadi.  F.
17 Rabadi later admitted to law enforcement officers that the
18 $1,220,000.00 in U.S. currency found in the safe belonged to
19 him.  In fact, officers witnessed F. Rabadi enter the code and
20 open the safe.  Law enforcement officers also executed a federal
21 seizure warrant at Bank of Hope in Northridge, California on
22 February 21, 2019 and seized $191,000.00 in U.S. currency from
23 F. Rabadi's safe deposit box # 204.
24     13.  On February 22, 2019, law enforcement officers
25 executed a federal seizure warrant at Bank of America in
26 Northridge, California and seized $57,344.00 in U.S. currency
27 from safe deposit box # 20456 held in the name of Roxana Rabadi.
28 During the execution of this warrant, officers learned that

Roxana Rabadi had been to Bank of America just prior to the officers and accessed the safe deposit box.

14. During the search of F. Rabadi's residence, officers discovered records for another safe deposit box, which was held at Wells Fargo Bank in Ilham Rabadi's (F. Rabadi's wife) name; shortly thereafter, an officer served a letter on Wells Fargo Bank asking for the safe deposit box to be frozen pending issuance of a warrant to search it. On February 22, 2019, a search warrant for the safe deposit box was obtained, but the bank was not able to facilitate executing the warrant until February 25, 2019, because a locksmith was required to allow officers to gain entry to the box. Upon opening the box, which was one of the larger safe deposit boxes available at that branch, officers observed only a handful of records – the safe deposit box was otherwise empty. Officers learned that Ilham Rabadi had accessed the safe deposit box approximately an hour before the freeze letter was served on Wells Fargo Bank, *i.e.*, soon after agents began executing the search warrant at the Rabadi residence.

***Analysis of Roxana Rabadi's bank accounts at Wells Fargo***

15. Between September 1, 2016 and January 31, 2019, the balance in four accounts held in the name of Roxana Rabadi at Wells Fargo bank, including Wells 0858 and Wells 3458, increased from $710,222.40 to $1,055,974.88, a total of $345,752.48. Roxana Rabadi reported total income of $4,361 for 2016 and $18,564 for 2017. The bank records, however, show deposits of approximately $102,367.60 into Roxana Rabadi's four Wells Fargo accounts during 2017, at least $83,000 *more* than Roxana Rabadi

1 reported earning in that tax year.  While the bank records show
2 an increase in Roxana Rabadi's Wells Fargo accounts of over
3 $345,000 in less than three years, the analysis of her tax
4 returns show that there is insufficient legitimate income to
5 account for the increase of funds.  In addition, F. Rabadi has
6 demonstrated that he has been using his family members,
7 specifically his daughter, Roxana, to hold and conceal illicit
8 proceeds from his black market sales of prescriptions for opiate
9 and other controlled drugs.
10     16.  Based on the above, the defendant funds represent or
11 are traceable to proceeds of illegal narcotics trafficking, were
12 intended to be used in one or more exchanges for a controlled
13 substance or listed chemical, or were used to facilitate one or
14 more exchanges for a controlled substance, in violation of 21
15 U.S.C. § 841 et seq.  The defendant funds are therefore subject
16 to forfeiture pursuant to 21 U.S.C. § 881(a)(6).
17     17. In addition, the defendants $820,528.23 Seized From
18 Wells Fargo Account Number XXXXXX-0858 and $244,354.93 Seized
19 From Wells Fargo Brokerage Account Number XXXX-3458 were
20 involved in or are traceable to one or more transactions in
21 violation of 18 U.S.C. § 1956, which transactions were designed
22 to conceal or disguise the true nature, source, location,
23 ownership or control of the proceeds of specified unlawful
24 activity, namely violations of 21 U.S.C. §§ 841 and 846
25 (conspiracy and distribution of controlled substances).  The
26 defendants $820,528.23 Seized From Wells Fargo Account Number
27 XXXXXX-0858 and $244,354.93 Seized From Wells Fargo Brokerage
28

Account Number XXXX-3458 are therefore also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

18. To the extent that the defendant funds are not the actual monies traceable to or involved in the illegal activities identified herein, the government alleges that these funds are identical property found in the same accounts as the property traceable to or involved in the illegal activities and are therefore subject to forfeiture pursuant to 18 U.S.C. § 984.

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant funds;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant funds to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED: July 11, 2019

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

*/s/ Jonathan Galatzan*
JONATHAN GALATZAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

VERIFICATION

I, Desiree Johnson, hereby declare that:

1. I am a Diversion Investigator with the Drug Enforcement Administration and I am the case agent for the forfeiture matter entitled <u>United States of America v. $820,528.23 Seized From Wells Fargo Account Number xxxxxx-0858, et al</u>.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed July 10, 2019 in Los Angeles, California.

DESIREE JOHNSON
Diversion Investigator, DEA